# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

LOUISE M. DUVALL,                    )
                                     )
                Plaintiff,           )
vs.                                  )          NO.  CIV-09-1362-HE
                                     )
THE PUTNAM CITY SCHOOL               )
DISTRICT, INDEPENDENT SCHOOL         )
DISTRICT NO. 1 OF OKLAHOMA           )
COUNTY, ET AL.,                      )
                                     )
                Defendants           )

## ORDER

In this removed case,[1] plaintiff Louise M. Duvall, formerly a special education teacher

with the defendant Putnam City School District, asserts various claims against the school

district and the principal and assistant principal who were her supervisors.  She asserts

federal law claims for age discrimination, First Amendment retaliation, and for retaliation

under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Age

Discrimination in Employment Act ("ADEA").[2]  She also asserts a state law claim for

violation of Oklahoma's public policy prohibiting discrimination in employment based on

age (i.e. a <u>Burk</u> tort).[3]  Defendants have moved to dismiss certain of the employment-based

---

[1]*The case was originally filed in the District Court of Oklahoma County, State of Oklahoma.*

[2]*The Amended Petition filed by plaintiff was prepared with the assistance of counsel, but plaintiff is proceeding <u>pro se</u>.*

[3]*The Oklahoma claim was first recognized in <u>Burk v. K-Mart Corp.</u>, 770 P.2d 24 (Okla. 1989).*

claims,[4] arguing that plaintiff fails to state a claim as to the individual defendants.[5] They also seek to dismiss the <u>Burk</u> claim as to all defendants. Plaintiff, appearing *pro se*, has responded.

Defendants seek the dismissal of plaintiff's ADA, ADEA, and Rehabilitation Act claims against the individual defendants, arguing that individual, rather than employer or entity, liability is not authorized by those statutes. Plaintiff does not directly contest defendants' analysis of the statutes, but relies on general pleading principles or authorities not directly involving the liability of individual defendants.[6] The court concludes defendants have, in general, correctly stated the applicable law. The Tenth Circuit Court of Appeals has determined that personal capacity suits against supervisors (who do not otherwise qualify as "employers") are inappropriate under the ADA and Title VII. <u>Butler v. City of Prairie Village</u>, 172 F.3d 736, 743 (10th Cir. 1999) (ADA); <u>Haynes v. Williams</u>, 88 F.3d 898, 901 (10th Cir. 1996) (Title VII). It has reached the same conclusion with respect to individual claims under the ADEA. <u>Ledbetter v. City of Topeka</u>, 61 Fed. Appx. 574, 2003 WL

---

[4]*Defendants state the incorrect standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). The standard set out in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) and its progeny is no longer the law. Under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the complaint must provide factual allegations which, if true, are sufficient to "raise a right to relief above the speculative level." Id. at 555. The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570.*

[5]*The motion to dismiss does not address the First Amendment retaliation claim.*

[6]*Plaintiff principally relies on <u>Sturm v. Rocky Hill Bd. of Educ.</u>, 2005 WL 733778 (D.Conn. 2005)(unpublished). That case involved claims somewhat similar to plaintiff's, but which were asserted <u>only</u> against the involved school district. The case did not involve claims against individual defendants.*

1232589 (10th Cir. 2003), affirming 112 F.Supp.2d 1239 (D.Kan. 2000).  Moreover, while the authorities are split on the question of whether the same rule applies to  certain retaliation claims,[7] the Tenth Circuit appears to have concluded the non-liability rule extends to ADA retaliation claims as well.  Butler, 172 F.3d at 433 ("Our disposition of Plaintiff's individual liability arguments determines whether the individual defendants named in this action may be held liable for his ADA discrimination and retaliation claims."  (emphasis added.)) Applying these standards, the court concludes plaintiff has failed to state a claim against the individual defendants for discrimination under the ADEA or for retaliation under the ADEA and ADA.

Defendants argue plaintiff's claim for retaliation under the Rehabilitation Act must be dismissed because the individual defendants are not recipients of federal monies such as trigger the Act's potential application.  It is unclear to the court that plaintiff is even asserting a Rehabilitation Act claim against the individual defendants.  As with certain of her other claims, her "Fifth Cause of Action" seeks relief against "Defendant" (singular, not plural). It alleges the school district's receipt of federal monies and alleges "Defendant's" conduct was the cause of her injuries.  Her response to defendants' motion does not address this claim at all, leaving the court without guidance as to how plaintiff views her own complaint and without any response to the grounds defendants assert as the basis for their motion.  In these

---

[7]Compare Shotz v. City of Plantation, 344 F.3d 1161, 1180 (11th Cir. 2003) (allowing personal liability) with Baird v. Rose, 192 F.3d 462, 471 (4th Cir. 1999) (precluding personal liability), both involving interpretation of the ADA.

circumstances, the court concludes plaintiff has failed to state a Rehabilitation Act claim against the individual defendants and that the motion should be granted as to that asserted claim. The court declines, however, to conclude that a Rehabilitation Act retaliation claim is necessarily precluded in these circumstances.

Defendants have moved to dismiss the state law tort claim (i.e. Burk claim) on the basis that the Burk doctrine, in the employment context, applies only to "at will" employees and that plaintiff, as a long term Oklahoma teacher with the various rights which attend that status,[8] is not (or was not, at the time of the alleged acts) an "at will" employee. The Oklahoma Supreme Court has determined that, to be within the class of persons who may bring a claim in tort for wrongful discharge, an employee must be an "employee at will." McCrady v. Okla. Dep't of Public Safety, 122 P.3d 473, 476 (Okla. 2005). As the plaintiff's amended petition alleges facts inconsistent with "at will" status, she fails to state a claim under the Burk doctrine.

Accordingly, defendants' motion to dismiss [Doc. #6] is **GRANTED**. Plaintiff's federal employment-based claims (claims 2, 4, 5 & 6) are **DISMISSED** insofar as they are directed to defendants Roland and Iven. Her Burk claim (claim 1) is **DISMISSED** as to all defendants. Plaintiff's First Amendment retaliation claim and her federal employment claims against the school district remain for resolution.

---

[8]*The Amended Petition alleges (para. 7): "Since August 20, 1979, Plaintiff has been employed by Defendant as a Special Needs Educator."*

**IT IS SO ORDERED**.

Dated this 26th day of March, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE